47 F.3d 1182
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James A. McDANEL, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7012.
 United States Court of Appeals, Federal Circuit.
 Jan. 13, 1995.
 
 Before RADER, Circuit Judge, BENNETT, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 RADER, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves for summary affirmance of the Court of Veterans Appeals' judgment dismissing James A. McDanel's appeal for lack of jurisdiction. McDanel has not responded.
 
 
 2
 On June 14, 1988, the Regional Office denied McDanel's claim for an increased evaluation for a service-connected left knee condition and denied service connection for an a right knee injury, major depression, and a ruptured lumbar disc. McDanel filed a Notice of Disagreement (NOD) on July 5, 1988. After the Board remanded the case, the regional office issued a supplemental statement of the case. McDanel filed a document on October 30, 1990 which might have been considered a NOD. In 1991, the Board of Veterans Appeals denied service connection for a right knee disability, a back disability, and an acquired psychiatric disorder, but granted an increased disability evaluation for the left knee disability. McDanel appealed to the Court of Veterans Appeals.
 
 
 3
 The Court of Veterans Appeals dismissed McDanel's appeal for lack of jurisdiction. Based on its decision in Hamilton v. Brown, the Court of Veterans Appeals concluded that the July 1988 NOD was the document that initiated Board review and that the October 1990 document was not a NOD. Because the July 1988 NOD was filed before November 18, 1988, the Court of Veterans Appeals concluded that it lacked jurisdiction over McDanel's appeal. See 38 U.S.C. Sec. 7105 Note. McDanel appealed to this court.
 
 
 4
 This court stayed McDanel's appeal until we decided Hamilton v. Brown, nos. 93-7090,-7091. In Hamilton, we affirmed the Court of Veterans Appeals' holding that the veterans court does not have jurisdiction if the NOD that initiated Board review was filed before November 18, 1988. Hamilton v. Brown, no. 93-7090,-7091, slip op. at 18, 26 (Fed. Cir. Nov. 8, 1994).
 
 
 5
 The Secretary argues that the Court of Veterans Appeals' decision that it had no jurisdiction over McDanel's appeal should be summarily affirmed based on our holding in Hamilton. We agree. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). In the present case, it is clear that summary disposition is warranted. This case involves the same issue that was presented in Hamilton. As in Hamilton, the Court of Veterans Appeals had no jurisdiction because the NOD that initiated Board review was filed before November 18, 1988.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The stay of proceedings is lifted.
 
 
 8
 (2) The Secretary's motion for summary affirmance is granted.
 
 
 9
 (3) Each side shall bear its own costs.